UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FOURIER ROSS,

    Plaintiff,

vs                                                      Case No: 11-10787
                                                      Honorable Victoria A. Roberts

OAKLAND UNIVERSITY,

    Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION TO VACATE ORDER
OF DISMISSAL AND RESCIND SETTLEMENT ON RECORD**

Plaintiff filed the above entitled motion. The motion has been fully briefed; the Court **DENIES** it.

**1.    JUDICIAL COERCION**

In his motion at the outset, Mr. Ross claims he was unduly pressured by the Court to settle his case. He says the Court pressured him by saying he would get an all-white jury and it would be unlikely that he could prevail in front of such a jury.

The conversation that Mr. Ross says he had with the Court never took place. The Court views the injection of race into the record as Mr. Ross' desperate and shocking attempt to overturn an arms length negotiated settlement that he participated in and agreed to, with the benefit of counsel. There was no judicial coercion requiring rescission of the settlement.

**2.    AMBIGUITIES**

Plaintiff says the settlement was ambiguous. The settlement reached by the

1

parties on June 12, 2012 was placed on the record after three hours of negotiations. There were no ambiguities in its terms.

By its terms, Oakland University retained full discretion to reassign Mr. Ross and his team to another Assistant Vice-President.

Nothing in the settlement on the record was intended to relinquish Oakland University's right as an employer to manage the affairs of the University; this includes assignment of personnel.

There is also no ambiguity concerning the pay raise negotiated for Mr. Ross: Defendant stated on the record that even though it may have to be made retroactive, Mr. Ross was to get a 10% pay raise over the salary he was earning on June 12, 2012, effective July 1, 2012.

### 3. MISREPRESENTATIONS

Mr. Ross alleges that Oakland University engaged in fraudulent, innocent and negligent misrepresentations.

To support this claim, Mr. Ross continues to rely on his mistaken belief that Oakland University somehow relinquished its managerial responsibilities with respect to decisions affecting Plaintiff.  Mr. Ross also relies on documents which are dated before he negotiated his settlement.  The Court finds no evidence of misrepresentation.

### 4. CONCLUSION

The parties entered into a binding contract when they placed their settlement on the record on June 12, 2012.  The terms of the agreement are reasonable and clear; Mr. Ross indicated agreement on the record, with the benefit of counsel.

There is no evidence of fraud; there was no judicial coercion.

The motion is **DENIED**. Mr. Ross is ordered to sign the written settlement agreement by October 19, 2012.

**IT IS ORDERED**.

          /s/ Victoria A. Roberts
          Victoria A. Roberts
          United States District Judge

Dated: October 9, 2012

---

The undersigned certifies that a copy of this document was served on the attorneys of record and Fourier Ross by electronic means or U.S. Mail on October 9, 2012.

s/Linda Vertriest
Deputy Clerk

---

3